## CLARK *v.* GERSTLEY.

ERROR TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 169.   Argued January 17, 18, 1907.—Decided February 25, 1907.

*McGuire* v. *Gerstley, ante,* p. 489, followed and *held* also:

The liability of sureties on the bond in this case given to secure payment for goods sold on a specified credit was not affected by failure of the sellers to notify the sureties of non-payment at the expiration of the credit, or by their giving an extension of credit, there being no definite term of such extension.

26 App. D. C. 205, affirmed.

THE facts are stated in the opinion.

*Mr. Lorenzo A. Bailey* for plaintiff in error.

*Mr. Eugene A. Jones,* with whom *Mr. Simon Wolf* and *Mr. Myer Cohen* were on the brief, for defendants in error.

MR. JUSTICE PECKHAM delivered the opinion of the court.

The defendants in error, plaintiffs below, obtained judgment against the plaintiff in error for $5,000 and interest in April, 1905, in the Supreme Court of the District of Columbia, which judgment was affirmed by the Court of Appeals, 26 App. D. C. 205, and the plaintiff in error has brought the case here for review.

It is the same action as the foregoing case, just decided, but the plaintiff in error, who was one of the sureties in the bond, separately filed special pleas to the declaration, which were separately demurred to, and the Supreme Court sustained the demurrer. On appeal to the Court of Appeals the demurrer was not disposed of at the same time as the demurrers to the other pleas in the case, but was postponed to a subsequent time, April 7, 1905. On that date the de-

murrer was sustained and the judgment previously entered affirmed against this plaintiff in error, who then brought the case here on a separate writ of error.

The special pleas filed by the plaintiff in error were seven in number, the first six being the same as filed by the other plaintiffs in error in the case. The seventh set up the failure of the plaintiffs to give notice to the sureties that the principals in the bond had not paid for the goods at the expiration of the term of credit allowed them, and also that the time had been extended by the plaintiffs in which the principals in the bond might pay for the goods sold to them. No definite term of extension was stated. What has already been said in regard to the other six pleas in the case determines the decision in regard to the same pleas hereinabove set forth. In regard to the seventh plea the plaintiff in error says in his brief in this court that he makes no point concerning the same.

*Judgment affirmed.*